IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:96CR114

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JASON MACKEY (2), ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Show Cause Why the Government Will Not File Rule 35(b) Motion in this Case," filed April 5, 2004 (Document # 54); "Motion to Modify, Correct Sentence," filed April 28, 2005 (Document # 56); and "Motion for Status Update on Motion," filed May 5, 2005 (Document # 58).[1]

On November 15, 1996, Defendant pled guilty to various counts charged by way of a Bill of Indictment and this Court sentenced Defendant to three terms of 175 months imprisonment to run concurrently. Judgment was entered July 8, 1997. On May 30, 2001, Defendant filed a Rule 35 Motion, which this Court denied on July 3, 2001. Subsequently, on September 14, 2001, Defendant filed a Notice of Appeal, which this Court denied as untimely in an Order dated October 10, 2001. On March 4, 2002, the Fourth Circuit Court of Appeals, in an unpublished opinion, dismissed Defendant's appeal as untimely. Defendant filed a Motion with the Fourth Circuit, requesting a rehearing *en banc*, which the Fourth Circuit denied on April 15, 2002. The mandate issued from the Fourth Circuit on April 15, 2004.

---

[1] The Court notes that on July 1, 2005, Defendant sent a Letter requesting a status update on his Motion to Reduce Sentence. Defendant is being provided with a status update in this instant Order and the Court will not send an additional response to this July 1, 2005 letter.

1

A.     **Rule 35 Motion**

Defendant asks the Court to require the Government to show cause why it has failed to file a Rule 35(b) Motion in this case. Defendant contends that the United States Attorney assured Defendant that if he pled guilty and provided assistance in future cases, the Government would seek a reduced sentence. Defendant admits that he did not have a formal agreement with the Government to this effect. Defendant further notes that during his sentencing, the Government requested a downward departure from a range of 292 to 365 months to 180 months, which this Court granted. In fact, the Court went further than requested by the Government and imposed a sentence of 175 months on each count. However, Defendant maintains that the Government has violated an oral agreement by failing to file an additional Rule 35 Motion.

As the Court stated in its July 3, 2001 Order, only the Government may bring a Rule 35 motion, and such motion is based solely on the substantial assistance provided by a defendant to the Government. FED. R. CRIM. P. 35(b); *United States v. Hayes*, 983 F.2d 78, 81 (7th Cir. 1992); *see also United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998), *cert denied*, 528 U.S. 1082 (2000); *United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993). The Government, not a defendant or the Court, makes the initial determination as to whether substantial assistance was provided by a defendant. A court may not inquire into the Government's decision not to file a Rule 35 motion unless a defendant has made a threshold showing that the Government's failure to file is: (1) in breach of an obligation under the plea agreement; or (2) either based on unconstitutional motive or not rationally related to any Governmental end. *Wade v. United States*, 504 U.S. 181, 183 (1992). This Court finds that the limited circumstances that permit inquiry into the Government's failure to file a Rule 35 motion do not exist in the present case.

Moreover, the Court notes that the Government *did* request a downward departure at Defendant's sentencing, which this Court granted. The Court will not require the Government to "show cause", as requested by Defendant, as to why an additional downward departure motion was not made.

B.  **Motion to Modify, Correct Sentence**

Defendant further asks the Court to modify his sentence due to the recent decision by the United States Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005).

Since Defendant has already been sentenced in this matter, he is bringing a collateral attack on his sentence, arguing that he is entitled to a modification of his sentence as a result of the *Booker* decision. A review of Defendant's filing reveals that his Motion is most properly construed as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. As set forth within *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the Court is generally required to notify a defendant if it intends to recharacterize a motion as a Section 2255 petition. *Emmanuel*, 288 F.3d at 649. In addition, the Court must provide a defendant with an opportunity to respond, supplement his motion, and explain the relevant law. *Id.* Therefore, this Court will provide Defendant with thirty (30) days in which to notify the Court as to whether he wants the current Motion construed as a Section 2255 Motion.

Defendant is advised that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws

3

of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant is further advised that as of the time of this writing, at least, the dictates of the *Booker* case have not been declared to be retroactive for purposes of application in the Section 2255 (collateral review) context.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Show Cause Why the Government Will Not File Rule 35(b) Motion in this Case" is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DEFERS RULING** on Defendant's "Motion to Modify, Correct Sentence."

**Defendant is notified that he has until SEPTEMBER 18, 2005 to notify the Court as to whether he wants his current Motion construed pursuant to Section 2255.** If Defendant does not so notify the Court, the Court will construe Defendant's "Motion to Modify, Correct Sentence" as a Section 2255 Motion, and render an Order accordingly.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Status Update on Motion" is hereby **DENIED AS MOOT**.

The Clerk is directed to send copies of this Order to Defendant and the United States Attorney.

**Signed: August 19, 2005**

_Richard L. Voorhees_
Richard L. Voorhees
United States District Judge