UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV428-3-V
(3:96CR114-2-V)

| | |
|---|---|
| JASON O'BRYAN MACKEY,           ) | |
|                                 ) | |
| Petitioner,                     ) | |
|                                 ) | |
| v.                              ) | **O R D E R** |
|                                 ) | |
| UNITED STATES OF AMERICA,       ) | |
| Respondent.                     ) | |
|                                 ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed September 26, 2005, (Document No. 1).

## I. Factual and Procedural Background

A review of the record reflects that on November 15, 1996, Petitioner pled guilty to various counts charged by way of Indictment and this Court sentenced Defendant on June 2, 1997 to three terms of 175 months imprisonment to run concurrently. Judgment was entered July 8, 1997. On May 30, 2001, Defendant filed a Rule 35 Motion, which this Court denied on July 3, 2001. Subsequently, on September 14, 2001, Defendant filed a Notice of Appeal, which this Court denied as untimely in an Order dated October 10, 2001. On March 4, 2002, the Fourth Circuit Court of Appeals, in an unpublished opinion, dismissed Defendant's appeal as untimely. Defendant filed a Motion with the Fourth Circuit, requesting a rehearing *en banc*, which the Fourth Circuit denied on April 15, 2002. The mandate issued from the Fourth Circuit on April


15, 2004. On April 5, 2004 Defendant filed a Motion to Show Cause Why the Government Will Not File Rule 35(b) Motion and on April 28, 2005 he filed a Motion to Modify, Correct Sentence. By Order dated August 19, 2005, this Court denied Petitioner's Motion to Show Cause and deferred ruling on Defendant's Motion to Modify. The Court explained that because he had already been sentenced, his motion appeared to be collaterally attacking his sentence and therefore was essentially a motion pursuant to 28 U.S.C. § 2255. Because the motion was Petitioner's first to be construed as a § 2255, under the guidelines established by <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002), the Court informed Petitioner of the legal ramifications of such action. The Court notified Petitioner that he had until September 18, 2005 to construe his April 28, 2005 Motion to Modify as a § 2255, however, cautioned that § 2255 motions are subject to a one year statue of limitations.

On August 17, 2005, two days before this Court entered the above referenced order, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (See Document Number 1, 3:05cv367.) On August 29, 2005, this Court dismissed that motion without prejudice because Petitioner failed to sign his motion (See Document Number 2, 3:05cv367.) At that time the Court noted that it appeared that any motion to vacate filed by Petitioner would  if be untimely and cautioned that if Petitioner decided to re-file his § 2255 motion he must include an argument as to why his motion to vacate should be considered timely filed.

On September 26, 2005, Petitioner filed the instant § 2255 motion. The Court notes that the motion is dated September 19, 2005, which is one day beyond the time period provided by the Court's August 19, 2005 Order. Additionally, Petitioner provided no argument or explanation as

to why his motion should be considered timely filed.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on November 15, 1996 and judgment was entered on July 8, 1997.  Petitioner then filed a notice of appeal in the Fourth Circuit on September 14, 2001, well beyond the 10 day deadline for filing a notice of appeal.  Fed. R. App. P. 4(b).   Consequently, the Fourth Circuit denied Petitioner's appeal as untimely.

 Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around July 18, 1997.  Therefore

Petitioner had until July 18, 1998 to file his § 2255 motion.  Petitioner did not file the instant Motion to Vacate until September 26, 2005 – that is, over seven years after the expiration of the limitations period.

Petitioner provides no argument or explanation as to why his Petitioner should be construed as timely filed despite being ordered to do so by this Court.  For the foregoing reasons, this Court concludes that Petitioner's September 26, 2005 Motion to vacate is untimely and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**Signed: December 12, 2005**

*[Signature]*

Richard L. Voorhees
United States District Judge